UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cr-80020-Smith/Reinhart

18 U.S.C. § 371
18 U.S.C. § 924(a)(1)(A)
18 U.S.C. § 922(g)(1)
18 U.S.C. § 922(d)(1)
18 U.S.C. § 924(d)(1)

UNITED STATES OF AMERICA

vs.

SYLVESTER BANKS III
and STACEY LEANN HICKS,

Defendants.
_____/

FILED BY SP D.C.

FEB 13 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## INDICTMENT

The Grand Jury charges that:

### General Allegations

At all times relevant to this Indictment:

1. The Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") is an agency of the United States Department of Justice responsible for enforcing and administering federal firearms law and regulations.

2. Pursuant to Title 18, United States Code, Section 924(a)(1)(A) it is unlawful for any person in connection with the acquisition of a firearm to make a false statement with respect to information required to be kept by a licensed firearms dealer.

3. Pursuant to Title 18, United States Code, Section 922(d)(1) it is unlawful for any person to dispose of any firearm to any person knowing or having reasonable cause to believe that such person has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year.

4. A "licensed dealer," also known as a federal firearm licensee ("FLL"), as defined by Title 18, United States Code, Section 921(a)(11), means any person who is licensed under Chapter 44, United States Code, as a dealer and includes any person engaged in the business of selling firearms at wholesale or retail, any person engaged in the business of repairing firearms or of making or fitting special barrels, stocks, or trigger mechanisms to firearms, and any person who is a pawnbroker. Pursuant to Title 18, United States Code, Section 923, an FFL must maintain a place of business subject to inspection; complete and maintain records concerning the receipt, sale, and disposition of firearms; require customers to complete an ATF Form 4473 whenever a firearm is transferred; report multiple sales of two or more handguns to the same transferee/buyer; and conduct a background check and obtain approval of the sale through the National Instant Criminal Background Check System ("NICS").

5. An ATF Form 4473 is designed so that an FFL may determine if he or she can lawfully sell and deliver a firearm to the person completing the form as the transferee/buyer. An ATF Form 4473 is also designed to alert the transferee/buyer of certain restrictions on the receipt and possession of firearms. The ATF Form 4473 documents the serial number, type of firearm sold, the transferee/buyer, and whether the transferee/buyer is eligible to possess and buy a firearm. Eligibility to purchase a firearm is determined by the answers to a series of questions, that covers a list of disqualifying factors under federal law, including, whether the transferee/buyer is the actual buyer, a convicted felon, has a history of drug abuse or mental incapacity, and whether the transferee/buyer has legal status to be in the United States. The transferee/buyer must personally complete the ATF Form 4473 and certify by signature that the answers are true, correct, and complete.

6. An ATF Form 4473 includes a warning that a person is not the actual transferee/buyer of a firearm if the person is acquiring the firearm on behalf of another person. If the person is not the actual transferee/buyer, the FFL cannot transfer the firearm. The form warns that a transferee/buyer who falsely verifies that he or she is the actual buyer of the firearm, commits a crime punishable as a felony under federal law, pursuant to Title 18, United States Code, Sections 922(a)(6), as the true identity of the actual buyer of the firearm is material to the lawfulness of the sale.

## COUNT 1
### Conspiracy
### (18 U.S.C. § 371)

1. The allegation set forth in paragraphs 1 through 6 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

2. Beginning in and around March 2024, the exact date being unknown to the Grand Jury, and continuing through on or about July 21, 2024, in Palm Beach County, in the Southern District of Florida, the defendants,

**SYLVESTER BANKS III**
and
**STACEY LEANN HICKS,**

did knowingly and willfully combine, conspire, confederate, and agree with each other, to commit certain offenses against the United States, that is, to knowingly make false statements and representation with respect to the information required by the provisions of Chapter 44 of Title 18 to be kept in the records of a person licensed under Chapter 44 of Title 18, that is, federally licensed firearm dealers, in violation of Title 18, United States Code, Section 924(a)(1)(A).

## Object and Purpose of the Conspiracy

It was the object and purpose of the conspiracy for the defendants to unlawfully obtain and possess firearms for **SYLVESTER BANKS III** by making false statements and representations with respect to information on ATF Form 4473s that are required to be kept by federally licensed firearm dealers.

## Overt Acts

In furtherance of the conspiracy, and to achieve the objects thereof, at least one of the coconspirators committed and caused to be committed, in the Southern District of Florida, at least one of the following overt acts, among others:

1. On or about March 22, 2024, **STACEY LEANNE HICKS** made a false statement and representation in Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473 to FJL Firearms and Training, LLC, a/k/a Boynton Guns, a federally licensed firearms dealer, in Palm Beach County.

2. On or about March 27, 2024, **STACEY LEANNE HICKS** received a Taurus International, Model G2C, 9 mm semi-automatic pistol from FJL Firearms and Training, LLC, a/k/a Boynton Guns, a federally licensed firearms dealer, in Palm Beach County.

3. On or about June 15, 2024, **STACEY LEANNE HICKS** made a false statement and representation in Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473 to American Pawn Jewelry and Gun, LLC, a federally licensed firearms dealer, in Palm Beach County.

4. On or about June 15, 2024, **STACEY LEANNE HICKS** paid for a Ruger, Model EC95, 9 mm semi-automatic pistol from American Pawn Jewelry and Gun, LLC, a federally licensed firearms dealer, in Palm Beach County.

5. On or about June 16, 2024, **STACEY LEANNE HICKS** paid for a Radical Firearms, Model RF-15, multi-caliber semi-automatic pistol from American Pawn Jewelry and Gun, LLC, a federally licensed firearms dealer, in Palm Beach County.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2
## False Statement to Firearm Dealer
## 18 U.S.C. § 924(a)(1)(A))

1. The allegation set forth in paragraphs 1 through 6 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

2. On or about March 22, 2024, in Palm Beach County, in the Southern District of Florida, the defendants,

## SYLVESTER BANKS III
## and STACEY LEANN HICKS,

did knowingly make a false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of FJL Firearms and Training, LLC, a/k/a Boynton Guns, a federally licensed firearms dealer, in that **STACEY LEANN HICKS** was the actual buyer of the firearm, when in truth and in fact, and as the defendants then and there well knew, **STACEY LEANN HICKS**, was acquiring the firearm on behalf of **SYLVESTER BANKS III**, in violation of Title 18, United States Code, Sections 924(a)(1)(A) and 2.

## COUNT 3
## Possession of a Firearm by a Convicted Felon
## 18 U.S.C. § 922(g)(1))

On or about April 23, 2024, in Palm Beach County, in the Southern District of Florida, the defendant,

5

**SYLVESTER BANKS III,**

knowingly possessed a firearm and ammunition, in and affecting interstate and foreign commerce, knowing that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, United States Code, Section 922(g)(1).

It is further alleged that said firearm and ammunition are:

a. One (1) Taurus International, Model G2C, 9 mm semi-automatic pistol; and

b. Nine (9) rounds of 9 mm Federal ammunition.

## COUNT 4
### False Statement to Firearm Dealer
### 18 U.S.C. § 924(a)(1)(A))

1. The allegation set forth in paragraphs 1 through 6 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

2. On or about June 15, 2024, in Palm Beach County, in the Southern District of Florida, the defendants,

**SYLVESTER BANKS III**
**and STACEY LEANN HICKS,**

did knowingly make a false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of 2American Pawn Jewelry and Gun, LLC, a federally licensed firearms dealer, in that **STACEY LEANN HICKS** was the actual buyer of the firearm, when in truth and in fact, and as the defendants then and there well knew, **STACEY LEANN HICKS**, was acquiring the firearm on behalf of **SYLVESTER BANKS III**, in violation of Title 18, United States Code, Sections 924(a)(1)(A) and 2.

## COUNT 5
### Disposition of Firearm to a Convicted Felon
### 18 U.S.C. § 922(d)(1))

On or about June 15, 2024, in Palm Beach County, in the Southern District of Florida, the defendant,

### STACEY LEANNE HICKS,

did knowingly dispose of a firearm to a person, knowing and having reasonable cause to believe that such person had been previously convicted in any court of a crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, United States Code, Sections 922(d)(1) and 2.

It is further alleged that said firearm was a Ruger EC9S 9mm semiautomatic pistol.

## COUNT 6
### Disposition of Firearm to a Convicted Felon
### 18 U.S.C. § 922(d)(1))

On or about June 16, 2024, in Palm Beach County, in the Southern District of Florida, the defendant,

### STACEY LEANNE HICKS,

did knowingly dispose of a firearm to a person, knowing and having reasonable cause to believe that such person had been previously convicted in any court of a crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, United States Code, Sections 922(d)(1) and 2.

It is further alleged that said firearm was a Radical Firearms RF-15 multi caliber semiautomatic pistol.

## COUNT 7
## Possession of Firearms and Ammunition by a Convicted Felon
## 18 U.S.C. § 922(g)(1)

On or about July 21, 2024, in Palm Beach County, in the Southern District of Florida, the defendant,

**SYLVESTER BANKS III,**

knowingly possess a firearm and ammunition, in and affecting interstate and foreign commerce, knowing that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, United States Code, Section 922(g)(1).

It is further alleged that said firearm and ammunition are:

a. One (1) Ruger EC9S 9mm semiautomatic pistol,

b. One (1) Radical Firearms RF-15 multi caliber semiautomatic pistol,

c. Approximately thirty-four (35) rounds of 5.56 LC ammunition, and

d. Approximately eight (8) rounds of 9mm DRT ammunition.

## FORFEITURE ALLEGATIONS

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant **SYLVESTER BANKS III** has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 922(g), or any other criminal law of the United States, as alleged in this Indictment, the defendant shall forfeit to the United States any firearm and ammunition involved in or used in the commission of such offense, pursuant to Title 18, United States Code, Section 924(d)(1).

All pursuant to Title 18, United States Code, Section 924(d)(1) and the procedures set forth at Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL

FOREPERSON

_____
HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

_____
BRIAN RALSTON
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.: 25-cr-80020-Smith/Reinhart

v.

SYLVESTER BANKS III
and STACEY LEANN HICKS
_____/
                Defendant.

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of new counts _____

**Court Division** (select one)
☐ Miami        ☐ Key West     ☐ FTP
☐ FTL          ☒ WPB

I do hereby certify that:
1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, 28 U.S.C. §3161.

3. Interpreter: (Yes or No) __No__
   List language and/or dialect: _____

4. This case will take __4__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)                    (Check only one)
   I   ☒ 0 to 5 days                   ☐ Petty
   II  ☐ 6 to 10 days                  ☐ Minor
   III ☐ 11 to 20 days                 ☐ Misdemeanor
   IV  ☐ 21 to 60 days                 ☒ Felony
   V   ☐ 61 days and over

6. Has this case been previously filed in this District Court? (Yes or No) __No__
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) __No__
   If yes, _____ Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) __No__
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) __No__
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Mills Maynard)? (Yes or No) __No__
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? (Yes or No) __No__
15. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? __No__
16. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? __No__

By: _____
    Brian D. Ralston
    Assistant United States Attorney
    SDFL Court ID No.    A5502727

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** Sylvester Banks III

**Case No:** 25-cr-80020-Smith/Reinhart

**Count #: 1**

Conspiracy

18 U.S.C. § 371
* Max. Term of Imprisonment: 5 years
* Mandatory Min. Term of Imprisonment (if applicable): N/A
* Max. Supervised Release: 3 years
* Max. Fine: $250,000

**Counts #: 2, 4**

Material False Statement to Firearms Dealer

18 U.S.C. § 924(a)(1)(A)
* Max. Term of Imprisonment: 5 years
* Mandatory Min. Term of Imprisonment (if applicable): N/A
* Max. Supervised Release: 3 years
* Max. Fine: $250,000

**Counts #: 3, 7**

Possession of Firearm by Convicted Felon

18 U.S.C. § 922(g)(1)
* Max. Term of Imprisonment: 15 years
* Mandatory Min. Term of Imprisonment (if applicable): N/A
* Max. Supervised Release: 3 years
* Max. Fine: $250,000

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: Stacey Leann Hicks

**Case No**: 25-cr-80020-Smith/Reinhart

**Count #: 1**

Conspiracy

18 U.S.C. § 371
* Max. Term of Imprisonment: 5 years
* Mandatory Min. Term of Imprisonment (if applicable): N/A
* Max. Supervised Release: 3 years
* Max. Fine: $250,000

**Counts #: 2, 4**

False Statement and Representation to Firearms Dealer

18 U.S.C. § 924(a)(1)(A)
* Max. Term of Imprisonment: 5 years
* Mandatory Min. Term of Imprisonment (if applicable): N/A
* Max. Supervised Release: 3 years
* Max. Fine: $250,000

**Counts #: 5, 6**

Disposition of Firearm to a Convicted Felon

18 U.S.C. § 922(d)(1)
* Max. Term of Imprisonment: 10 years
* Mandatory Min. Term of Imprisonment (if applicable): N/A
* Max. Supervised Release: 3 years
* Max. Fine: $250,000

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.